IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION


ALLAN CUNNINGHAM, #1326295        §

VS.                               §        CIVIL ACTION NO. 4:08cv20

DIRECTOR, TDCJ-CID                §

<u>MEMORANDUM OPINION</u>

Petitioner Allan Cunningham, an inmate confined in the Texas prison system, filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was transferred to the undersigned by consent of the parties pursuant to 28 U.S.C. § 636 ( c).

<u>Background</u>

Petitioner is complaining about his Lamar County conviction for felony burglary of a habitation. Cause Number 19930. After pleading "not guilty," he entered plea of "true" to a prior conviction alleged for enhancement at punishment. On August 31, 2005, a jury found him guilty, found the enhancement allegation to be true, and sentenced him to twenty-five (25) years confinement. On September 19, 2006, the Sixth Court of Appeals affirmed the conviction and sentence. *Cunningham v. State*, slip op. No. 06-05-00215-CR (Tex. App. – Texarkana September 9, 2006, pet. ref'd) (unpublished). His petition for discretionary review (PDR) was refused on February 7, 2007. He filed an application for state writ of habeas corpus, which was denied without

written order on October 17, 2007. *Ex parte Cunningham*, Application No. 68,486-01, at cover.

Petitioner filed the present federal petition, alleging numerous grounds for relief:

1.   A juvenile conviction was improperly used for enhancement;

2.   The prosecutor's cross-examination of him was improper;

3.   Trial counsel was ineffective by failing to object to several comments and for failing to request a jury instruction on accomplice-witness testimony; and

4.   The evidence is insufficient to support his conviction.

The Government filed a Response, asserting that Petitioner's issues are without merit. Petitioner did not file a Reply.

<u>Statement of the Case</u>

The opinion from the Sixth Court of Appeals summarizes the facts of this case:

Cunningham was riding around with [Bobby] Lemon and Christopher Ray (in Ray's sister's car) when they backed into the driveway of John Lightfoot's house. As Lemon testified, they were all pretty well "lit." Lemon testified that he went inside the garage to steal something, and ended up taking beer out of a cooler. When Lemon came back out with stolen beer in hand, Cunningham was arguing with one of Lightfoot's neighbors (Larry Buster) who came to make inquiry. A fight ensued, and both Cunningham and Lemon struck Buster before they drove away, leaving him unconscious in the driveway. Ray testified that he stayed in the car, that Lemon said it was a friend's house, and that he had no idea a crime would occur.

Buster testified that, when he saw the car backed into Lightfoot's driveway, he went over to see what was going on, and he saw Cunningham in the car. Buster testified that Cunningham yelled at him and got out of the car, and about then he saw someone else come out of the garage with beer in his hand, and that both Cunningham and Lemon hit and kicked him until he blacked out.

Lightfoot testified that he was in the house and did not hear the fight. Buster, bloody from the battle, banged on his door and told him what had happened. Lightfoot checked his garage and realized some beer was missing from an ice chest.

Lemon testified that, after this occurred, while they were driving around, he saw a

pickup truck with tools in the back. He got out and stole the truck and drove away – with Cunningham following in Ray's sister's car. Lemon stopped near a business, unloaded the items from the truck into the car, left the truck there, Lemon got in the car, and Cunningham drove the automobile away.

Officer Steven Hill testified that he worked the assault and burglary. Officers stopped the car and arrested Lemon and Cunningham. When officers inventoried the car, they found three cans of beer of the type in Lightfoot's cooler, and also found tools, a C.D. case, a rifle, a cell phone, a video camera, and other items that were identified as property stolen from the pickup truck.

*Cunningham*, No. 06-05-00215-CR, slip op. at 1-2.

## Federal Habeas Corpus Relief

The role of federal courts in reviewing habeas corpus petitions by prisoners in state custody is exceedingly narrow. A person seeking federal habeas corpus review must assert a violation of a federal constitutional right. *Lowery v. Collins*, 988 F.2d 1354, 1367 (5th Cir. 1993). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 479-80, 116 L. Ed.2d 385 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996). In the course of reviewing state proceedings, a federal court does not sit as a super state appellate court. *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986).

The prospect of federal courts granting habeas corpus relief to state prisoners has been further limited by the Antiterrorism and Effective Death Penalty Act of 1996. The new provisions of Section 2254(d) provide that an application for a writ of habeas corpus "shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United

States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See Williams v. Taylor*, 529 U.S. 362, 402-03, 120 S. Ct. 1495, 1517-18, 146 L. Ed.2d 389 (2000); *Childress v. Johnson*, 103 F.3d 1221, 1224-25 (5th Cir. 1997). The statutory provision requires federal courts to be deferential to habeas corpus decisions on the merits by state courts. *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002).

A decision by a state court is "contrary to" the Supreme Court's clearly established law if it "applies a rule that contradicts the law set forth in" the Supreme Court's cases. *Williams*, 529 U.S. at 405-06. A federal court's review of a decision based on the "unreasonable application" test should only review the "state court's 'decision' and not the written opinion explaining that decision." *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (*en banc*). "Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas corpus court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411. Rather, that application must be objectively unreasonable. *Id.* at 409. The standard is satisfied only if "reasonable jurists considering the question would be of one view that the state court ruling was incorrect." *Davis v. Johnson*, 158 F.3d 806, 812 (5th Cir 1998) (internal quotation marks and citations omitted).

The trial court's factual findings are entitled to a presumption of correctness unless the petitioner can rebut the presumption with clear and convincing evidence to the contrary. *Valdez v. Cockrell*, 274 F.3d 941, 947 (5th Cir. 2001). A federal district court must be deferential to state court findings supported by the record. *See Pondexter v. Dretke*, 346 F.3d 142, 149-152 (5th Cir. 2003). A state application that is denied without written order by the Texas Court of Criminal

Appeals, as in the present case, is an adjudication on the merits. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (holding a "denial" signifies an adjudication on the merits while a "dismissal" means the claim was declined on grounds other than the merits).

## Enhanced Punishment

Petitioner claims that his punishment was improperly enhanced because his juvenile conviction in cause number JD-42135-X in the 305th District Court of Dallas County was used. Initially, the Court notes that Petitioner pleaded true to the enhancement. Accordingly, his claim is barred. *Hall v. State*, 137 S.W.3d 847, 856 (Tex. App.–Houston [1st Dist.] 2004, pet. ref'd). Additionally, Petitioner's complain concerns a question of state law, and state law errors cannot justify federal habeas relief absent a federal constitutional issue. *Wood v. Quarterman*, 503 F.3d 408, 413 (5th Cir. 2007).

Moreover, juvenile delinquent conduct engaged in after January 1,1996, that resulted in a final conviction, are properly used as enhancements. Tex. Penal Code § 12.42(f). The record shows that Petitioner's juvenile delinquent conduct was committed on May 23, 1997. Accordingly, its use as an enhancement was proper. This issue is without merit. Petitioner has failed to show that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25.

<u>Prosecutorial Misconduct</u>

Petitioner alleges that the prosecutor was guilty of misconduct when, during sentencing, he cross-examined Petitioner about a conversation they had during which Petitioner used vulgar language. However, he fails to cite to any authority to show that the prosecutor's cross-examination was improper. Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989); *Schlang v. Heard*, 691 F.2d 796, 7 99 (5th Cir. 1982).

Even assuming *arguendo* that the prosecutor's questioning was impermissible, Petitioner must show that the erroneous admission of prejudicial evidence was a "crucial, critical, highly significant factor" at trial." *Givens v. Cockrell*, 265 F.3d 306, 308 (5th Cir. 2001). Petitioner has failed to show this. At punishment, the State introduced evidence of Petitioner's extensive juvenile involvement with the police, to which he admitted. It is more likely that the jury assessed punishment based on his extensive criminal history rather than on vulgar remarks he made. Petitioner has failed to show prosecutorial misconduct or that the prosecutor's comments were crucial, critical, or highly significant. *Id*. This issue is without merit. Petitioner has failed to show that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25.

<u>Ineffective Assistance of Counsel</u>

Petitioner claims that his trial counsel was ineffective in several instances.

<u>Legal Standard</u>

A movant who seeks to overturn his conviction on the grounds of ineffective assistance of counsel must prove his entitlement to relief by a preponderance of the evidence. *James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995). In order to succeed on a claim of ineffective assistance of counsel, a movant must show that "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 2065, 80 L. Ed.2d 864 (1984). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. 466 U.S. at 690, 104 S. Ct. at 2066. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981). *See also Rubio v. Estelle*, 689 F.2d 533, 535 (5th Cir. 1982); *Murray v. Maggio*, 736 F.2d 279 (5th Cir. 1984). Secondly, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Movant must "affirmatively prove," not just allege, prejudice. *Id.*, 466 U.S. at 693, 104 S. Ct. at 2067. If he fails to prove the prejudice component, the court need not address the question of counsel's performance. *Id.*, 466 U.S. at 697, 104 S. Ct. 2052.

<u>Failure to object to juvenile convictions</u>

Petitioner asserts that he is entitled to relief because his trial counsel failed to object to his juvenile conviction being used as an enhancement. A failure to object does not constitute deficient representation unless a sound basis exists for objection. *See Emery v. Johnson*, 139 F.3d 191, 198

(5th Cir. 1997) (a futile or meritless objection cannot be grounds for a finding of deficient performance). Even with such a basis, however, an attorney may render effective assistance despite a failure to object when the failure is a matter of trial strategy. *See Burnett v. Collins*, 982 F.2d 922, 930 (5th Cir. 1993) (noting that a failure to object may be a matter of trial strategy as to which courts will not second guess counsel). Failure to make frivolous objections does not cause counsel's performance to fall below an objective level of reasonableness. *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998). On habeas review, federal courts do not second-guess an attorney's decision through the distorting lens of hindsight, but rather, the courts presume that counsel's conduct falls within the wide range of reasonable professional assistance and, under the circumstances, that the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689, 104 S. Ct. 2065.

In the present case, it has already been determined that the use of the juvenile conviction as an enhancement was proper. Accordingly, trial counsel's failure to object this matter cannot be considered deficient performance. Additionally, prejudice has not been shown. The failure to raise a meritless objection is not ineffective assistance of counsel. *Green*, 160 F.3d at 1037; *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994). Petitioner fails to prove that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694; 104 S. Ct. at 2068. This issue is without merit.

Petitioner also claims that he is entitled to relief because his attorney failed to object to evidence of other juvenile adjudications that were admitted during punishment. The State's evidence showed twelve additional juvenile convictions, five of which were designated as misdemeanors and four as felonies. *Cunningham*, No. 06-05-00215-CR, slip op. at 14. The appellate court noted that,

under Texas law, "juvenile adjudications of delinquency [that] occurred before January 1, 1996, are not admissible as prior adjudications of delinquency, unless the adjudication was for a felony-grade offense." *Id.*, at 13. Had evidence of only the four felonies been admitted, the jury would have been informed of four felony charges involving motor-vehicle larceny and breaking and entering motor vehicles. Petitioner's misdemeanors involved conduct involving injured property, assault, disorderly conduct, credit card abuse, and larceny. He has failed to show how evidence of the less serious misdemeanor offenses prejudiced him. He has not shown that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694; 104 S. Ct. at 2068. This issue is without merit.

Failure to request a jury instruction that Lemon was an accomplice as a matter of law

Petitioner also seeks relief based on trial counsel's failure to request an accomplice jury instruction. The state court's last reasoned opinion on the matter came from the opinion of the Sixth Court of Appeals in which it affirmed Petitioner's conviction, finding no harm in this matter. A federal district court must be deferential to state court findings supported by the record. *Pondexter*, 346 F.3d at 149-152. The appellate court analyzed Petitioner's claim concerning counsel's failure to request the accomplice jury instruction. The appellate court held that counsel performed deficiently in this regard, as an instruction was warranted, and would have been beneficial to the defense. *Cunningham*, No. 06-05-00215-CR, slip op. at 11-12. However, the appellate court, in its analysis, continued to *Strickland's* second prong, ultimately finding that prejudice had not been shown:

> In this case, there was nonaccomplice evidence from the neighbor, Buster, that Cunningham was in the car and that Cunningham attacked him for no reason other than his inquisitiveness. This response could reasonably have been interpreted by the

9

jury as an effort to aid and assist in the burglary and to prevent being seen with items stolen from the house. The jury could reasonably have concluded that the violent reaction evidenced Cunningham's intent to help Lemon complete the theft and escape.

Ray, the other person in the car, testified that Cunningham drove the vehicle to the home that was robbed. Ray saw Cunningham kicking and stomping Buster, and Ray told Cunningham and Lemon that they had done a bad thing by attacking and beating the man – after which they beat Ray up and left him (although still driving Ray's sister's car).

In this case, there is nonaccomplice testimony that Cunningham was driving the vehicle in which Lemon and Ray were riding when they went to Lightfoot's house. Lemon entered the garage and came out with beer. As Lemon was engaged in the burglary, a neighbor came to investigate. Cunningham got out of the car and attacked, without provocation, the neighbor who came to inquire about their actions. Cunningham assisted in attacking Buster, and Cunningham then drove them away, leaving him on the ground. The evidence shows that Lemon stole the beer from the house, that Lemon and Cunningham were arrested together, and that the fruits of the theft were found in the car. Intent may be directly proven, or it may be inferred from circumstantial evidence such as acts, words, and the conduct of the appellant. *Guevara v. State*, 152 S.W.3d 45,50 (Tex.Crim.App. 2004).

Although it is clear that an accomplice-witness instruction should have been provided to the jury, we do not believe that egregious harm resulted from its absence. The nonaccomplice evidence was of a nature that a jury could reasonably believe was reliable, persuasive, and connected Cunningham to the burglary. The nonaccomplice evidence, as summarized above, is not "so unconvincing in fact as to render the State's overall case for conviction clearly and significantly less persuasive." *Herron*, 86 S.W.3d at 632.

*Cunningham*, No. 06-05-00215-CR, slip op. at 3-4.

Petitioner simply has not shown how the appellate court's rejection of this claim is unreasonable under federal law or how it clearly ran counter to a Supreme Court decision. Where an erroneous jury instruction is harmless, counsel's failure to challenge it is not prejudicial under the *Strickland* standard. *Garcia v. Quarterman*, 451F.3d 441,450 (5th Cir. 2006). He has failed to show that there is a reasonable probability that, but for counsel's deficiency, the result of the proceeding

would have been different. *Strickland*, 466 U.S. at 694; 104 S. Ct. at 2068. The Texas Court of Criminal Appeals also rejected this issue when it denied his state application for habeas corpus relief. A federal district court must be deferential to state court findings supported by the record. *Pondexter*, 346 F.3d at 149-152. In sum, Petitioner has failed to show that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25.

## Insufficient Evidence

Petitioner finally asserts that the evidence against him was insufficient to sustain his convictions. However, it is well-settled that sufficiency of the evidence is not cognizable in a post-conviction writ of habeas corpus in Texas. *Ex parte Williams*, 703 S.W.2d 674, 677 (Tex. Crim. App. 1986). The Fifth Circuit has also recognized the same state procedural bar. *West v. Johnson*, 92 F.3d 1385, 1398, n. 18 (5th Cir. 1996) (sufficiency of the evidence may be raised on direct appeal, but not in a habeas corpus proceeding). Thus, the claim is procedurally barred unless Petitioner has demonstrated cause and prejudice or a miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546, 2565, 115 L. Ed.2d 640 (1991). Petitioner has failed to allege or demonstrate cause and prejudice or that he is actually innocent of the crime. Consequently, this claim is procedurally barred from review. Furthermore, the state appellate court considered the sufficiency of the evidence. It noted that:

There is evidence that the crime occurred and that Cunningham took violent action

against a witness to the crime. The accomplice witness testified that he did not remember telling Cunningham before the burglary that he intended to steal from the house. ("I'm not saying they didn't know but I'm saying that I was drinking and I'm saying I don't remember ...discussing this with somebody.") However, the district attorney's investigator testified that Lemon had stated to him that Lemon and Cunningham had discussed"stealing something" at the Lightfoot house before the burglary. The fruits of the crime were in the automobile driven by Cunningham at the time of his arrest. The evidence is both legally and factually sufficient to support the verdict.

*Cunningham*, No. 06-05-00215-CR, slip op. at 5. Petitioner has failed to show that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03; *Childress*, 103 F.3d at 1224-25.

## Conclusion

In each of his ineffective assistance of trial counsel claims, Petitioner has failed to demonstrate a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *Estelle*, 502 U.S. at 67-68, 112 S. Ct. 475, 479-80, 116 L. Ed.2d 385 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996). In all of his claims, Petitioner has failed to show that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court

proceeding. *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25.

Accordingly, his petition should be dismissed. It is therefore

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and Petitioner's case

is **DISMISSED** with prejudice. It is further

**ORDERED** that all motions not previously ruled on are hereby **DENIED**.

**SIGNED this 15th day of March, 2011.**


_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE